IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN S. PHILLIPS,

    Petitioner,    Civil No. 07-1389-TC

    v.    FINDINGS AND RECOMMENDATION

JEAN HILL,

    Respondent.

COFFIN, Magistrate Judge.

  Petitioner is under the post-prison supervision[1] of Clackamas County Community Corrections pursuant to the Judgment of Conviction and Sentence, dated June 24, 2003, from

---

[1] Petitioner was released from the physical custody of the Oregon Department of Corrections on February 2, 2007.

1 - FINDINGS AND RECOMMENDATION

Clackamas County Circuit Court Case No. 03-0066, after convictions for two counts or Attempted Sexual Abuse in the First Degree. Following a guilty plea, petitioner was sentenced to concurrent 60-month terms of imprisonment. The judgment was entered on July 15, 2003.

Petitioner did not directly appeal his convictions. Petitioner filed a petition for post conviction relief on June 16, 2004, but the court denied relief and the Oregon Court of Appeals affirmed without opinion. The Oregon Supreme Court denied review in an appellate judgment issued on April 24, 2007.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 on August 19, 2007.

Respondent now moves to dismiss petitioner's petition on the ground that petitioner did not file his petition within the time allowed by 28 U.S.C. § 2244. See, Response (#11).

By Order (#14) entered March 19, 2008, petitioner was allowed 14 days to file a brief in support of his petition or to show cause why respondent's motion to dismiss should not be allowed. The letter to the court and attached documents (#15) filed March 24, 2007, is construed as petitioner's response to the court's Order (#14).

2 - FINDINGS AND RECOMMENDATION

Pursuant to 28 U.S.C. § 2244(d) a petitioner has one year from the date a direct appeal is final to file a federal habeas corpus petition. Time elapsed after the final judgment of conviction and before filing collateral state court proceedings, and time after final disposition of collateral state court proceeding and before filing the filing of the federal petition count against the year. Nino v. Gonzales, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

The judgment of conviction challenged in this case was entered on July 15, 2003. Even though petitioner did not directly appeal his conviction, pursuant to ORS 19.255(1) he had 30 days from the entry of the judgment to do so. Therefore, an additional 30 days should be added to the date of the trial court judgment. Thus the one year limitations period on petitioner's federal proceeding began to run on August 14, 2003.[2]

Thus, petitioner had one year from August 14, 2003, excluding any time during which a state post-conviction case, or other collateral remedy was pending, to file his federal

---

[2]The 90 period to seek certiorari in the United State's Supreme Court, see, Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) is not applicable to petitioner's situation because he did not first petition Oregon's appellate courts.

3 - FINDINGS AND RECOMMENDATION

habeas corpus petition.

As noted above, petitioner filed a petition for post-conviction relief on June 16, 2004, but the court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. The appellate judgment issued on April 24, 2007.

Between August 14, 2003, the latest date on which petitioner could have filed a notice of appeal with the Oregon Court of Appeals, and June 16, 2004, the date on which petitioner signed the petition for post-conviction relief, 307 days accrued. Between April 24, 2007, the date on which the appellate judgment issued in the state post-conviction proceeding, and August 8, 2007, the date on which petitioner signed the instant petition, 106 days accrued. In sum, petitioner did not file his federal petition until 413 days after the final state court judgment.

The AEDPA's limitations period may be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time. <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). In order to establish entitlement to tolling of the § 2241(d)(1) limitations period, a petitioner must demonstrate that extraordinary circumstances

4 - FINDINGS AND RECOMMENDATION

beyond the prisoner's control made it impossible to file the petition on time. <u>Allen v Lewis</u>, 255 F.3d 798, 799 (9th Cir. 2001); <u>see also</u>, <u>Green v. White</u>, 223 F.3rd 1001, 1003 (9th Cir. 2000). Petitioner in this case has not established either circumstance.

Based on all of the foregoing, I find that petitioner's claims are barred by the one year statute of limitations applicable to petitions under 28 U.S.C. § 2254. Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

5 - FINDINGS AND RECOMMENDATION

judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 4 day of April, 2008.

_____
Thomas M. Coffin
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION